We'll hear argument first this morning, case 22-7386, McIntosh v. United States. Mr. Yourowitz. Mr. Chief Justice, and may it please the Court, Rule 32.2b states in unequivocal terms that a district court must enter a preliminary order of forfeiture prior to sentencing. In this case, no one disputes no such order was entered. And there is also no dispute why not, as the Second Circuit found, because the government did not submit one. Indeed, none was entered until three years after sentencing. Petitioner contends that Rule 32.2b is a mandatory claims processing rule, and the failure to enter the preliminary order of forfeiture is fatal to the government's ability to seek forfeiture. Such a reading is consistent with the plain language of the rule, its structure, and purpose. The plain language requires entry of a preliminary order prior to sentencing. This Court has never interpreted the term must to mean a mere time-related directive. Such an interpretation is also consistent with the address. Those directives start from the beginning of the case, continue through verdict, then prior to sentencing, at sentencing, and after sentencing. This highly calibrated structure confirms the mandatory nature of the need to enter the preliminary order of forfeiture. The purpose of Rule 32.2b's requirement to enter the preliminary order prior to sentencing also reflects the goal of procedural due process and finality, all of which are indicative of a prophylactic mandatory claim processing rule. Finally, Rule 32.2b's requirement to enter a preliminary order of forfeiture is nothing like those rules which this Court has held were mere time-related directives. Those cases involved either administrative rules and the concern of third parties, not before the Court, such as the victims in Dolan and the public in Montalvo, Murillo. This Court should conclude that Rule 32.2b is a mandatory claim processing rule. I invite the Court's questions. But didn't your client, didn't Petitioner have actual notice that the government was going to seek forfeiture? He had notice in the indictment in the Bill of Silence. There was no notice. The government provided no indication after verdict that it was going to be seeking forfeiture until literally the 11th hour, 59th minute when the Court said it was about to impose sentence. So how exactly was he prejudiced by what the government did here? He was prejudiced by a loss of value in the car and there were third party rights, third party claimants that are also prejudiced because until a preliminary order of forfeiture is entered, third party claimants cannot litigate their rights. Were there any third party claimants, though? The car was titled in his mother's name. She presumably would have been a third party claimant and she didn't get, in my understanding, she didn't even get notice. How does the harmless error rule apply here? I understand you've just indicated to Justice Thomas that your client is prejudiced, but does a court have an obligation to assess the harmlessness of this rule violation? Rule 52 would normally require that. So Dolan set forth three potential rules for, to three potential buckets, a jurisdictional rule, a mandatory claim processing rule, and a time-related directive. I'm sorry, just to orient the discussion a little more precisely, we're dealing here with the Federal Rules of Criminal Procedure, which have a harmless error rule built into them and say that they apply with respect to all of the other rules. So what about that? Even in this court in Ebohar, when it was construing Rule 33, it didn't look to a harmless error rule because it held that it was a mandatory claim processing rule. This court has never really looked to a harmless error in the context of mandatory claim processing rule, even when there are rules, Federal Rules. So even though the Federal Rules themselves say all of these rules are subject to a harmless error analysis, you would have us effectively carve out Rule 32? It's not just, I would carve, I think this court could carve out all mandatory claim processing rules. So I have a question. I understand the merits of your argument and I want to know if we agree with you that what we have here is a claims processing rule. You say that the result of that is that the petitioner is entitled to enforce it. And so what I'm trying to understand is what does enforcement look like in this context? What does it mean to enforce a deadline regarding this kind of preliminary rule of forfeiture? When a preliminary order of forfeiture is not entered as it should be prior to sentencing, then the government loses its right to forfeiture. But I thought the order, the response was going to be that you just get a do-over. In other words, I mean, it's a procedural rule that occurs prior to the sentencing. That's what you've argued, right? You have to issue this preliminary order of forfeiture. And so let's say the court doesn't do that. You say that the individual should be entitled to enforce it. And I guess what I'm asking is, isn't the scope of the enforcement, the argument that they need, that the district court needs to do it over? When you're construing a mandatory claim processing rule, the effect of it is that if you don't stick to it, if you don't carry out the duty, you lose the right. But you say that's a jurisdictional rule. On page two of your brief, you say most deadlines have consequences. A missed jurisdictional deadline prevents the court from permitting or taking the action to which the statute attached the deadline. So if the same consequence applies to the claims processing rule, I guess I'm confused. The difference between a jurisdictional rule and a claims processing rule is a jurisdictional can never be waived. A mandatory claim processing rule could be waived or forfeited. I was just going to say, in terms of the benefit of the rule, I would assume what they would do is just, okay, now we're giving you notice. Here's the preliminary order. And it'll be, sentencing will be in another week as opposed to that. If you think that what the rule is about is allowing notice to the defendant so it's prepared for whatever the final order is going to say, it seems to me that that's, even if it's jurisdictional, as you say, that means you can't rely on the existing order to give notice. But it doesn't mean you can't just give notice, you know, a week later. Give him the same benefit that he would get if the rule were complied with. If the notice came before sentencing and it was ended before sentencing, then there's not a problem. The problem is, in this case, there was no order entered until three years after, at which point you're disrupting the finality of a sentence. Forfeiture is an element of sentencing. And there's an element of finality to it. And that's one of the objectives that the rule is designed to foster. It also is designed to benefit third party claimants because until you have entry of an order, third party claimants can't even be litigated, which in this case, there was no notice served until 12 years after. But a mandatory claims processing rule is subject to waiver, unlike a jurisdictional rule. So a person would have to object to the failure of the court. And once the person objects, won't the court just do what the court does? And what would be the difference? It's our position that the time to object is when the preliminary order forfeiture is entered. The government is equivocal as to what precise time. But it's not too much to ask the government to, if they're seeking to deprive someone of property, to authorize cross treaties, raise this issue before sentencing, and have the court address it. I guess I'm not understanding. If the person objects at the time of sentencing, and then the court says, you know, you're right, I should enter a preliminary order, and enters a preliminary order, then you have no complaint. Right. So isn't that just what's going to happen? Even if the court a person in your client's position will have to object, then the court will enter a preliminary order. And I guess what I'm saying is that the rule you're asking for will make no difference in the end in 99% of the cases. We would take the position that the time to object is at the time a preliminary order or forfeiture. Rule 32.2 places no obligations on the defendant. What the government is seeking to do here is to shift the burden to the defendant. It's the government's obligation. They're the ones who are seeking to deprive a defendant of property. They're the ones who should be moving. If at the time, when it came back to the district court, in this case, and the government submitted their preliminary order of forfeiture, and the defendant had kept quiet, yes, he waived it. But up until then, there was no waiver. The typical mandatory claims processing rule tells one of the parties to the case that if you want to assert a particular claim, you have to raise it. It imposes a duty on one of the parties. But Rule 32.2 places a duty on the judge. Do you have any examples of cases in which we have held that something is a mandatory claims processing rule where the duty is placed on the court and not on one of the parties? Gonzalez v. Thaler and Santos-Zacaria are both obligations that are placed on the court. A preliminary order, it's an order. It's an order of the court. It could only be entered by the court. But at the end of the day, it's the government that's seeking the deprivation of the property. So they're going to have to provide the court with the information to enter that order. So I asked you about remedy because I think there's actually a deeper kind of procedural concern here that is making me wonder whether we can actually reach the merits of the question that you're asking in this case. And it comes from the fact that as I look at the procedural history of this case, your client actually was resentenced and procedurally resentenced properly. So this is what I mean, that you are raising concerns right now about the process that the district court undertook to issue the first forfeiture order in this case. And you say the district court failed to issue the preliminary order of forfeiture before that sentence. And two years later, when it did issue a preliminary order of forfeiture with respect to that sentence, that was too late. That the first forfeiture order was invalid. But it looks from the procedural history as though the court of appeals vacated that forfeiture order and that you're actually here today pursuant to your client's case that is now relevant to the second forfeiture order. Do you understand what I'm saying? So we now have a new forfeiture order and with respect to that forfeiture order, before resentencing, the district court filed the preliminary order of forfeiture and you didn't object, sentenced your client. You, I think, agreed to the forfeiture order at that point. So I guess I don't understand how we have the ability now to say anything about potential defects with respect to the first forfeiture order. Can you help me with that? Yeah. So I didn't represent the petitioner at that sentence because of CJA rules, but that entry of the preliminary forfeiture at the subsequent resentencing was always subject to the appeal that was pending then through the appellate process, his direct appeal, which is that the government lost their right to forfeiture. No, I understand, but that order doesn't exist anymore. So how do we give you a remedy? Even if you're right about what you're saying in this case, I guess I don't understand how we're in a position to give you any remedy today. That order has been vacated and what you're arguing is that order was defective because there was no preliminary order of forfeiture. So fine. That order doesn't exist anymore. So what can we do about that now? It's the same defendant who's subject to sentencing. The petitioner's position is that the government has lost that right, whether it's this particular order or a later order, if they've lost their right to sentencing. Did he object to the new forfeiture order, the second one on this basis? He was continuing. His appeal was still in the appellate process. Obviously, because the second circuit had held at that point that the government's ability to collect forfeiture was still pending, he was going to work with them on a number which was substantially lowered. But at the same time, the appeal process was still going. And a matter of fact, we filed this cert petition objecting to the government's ability to collect on forfeiture. So what remedy can we give you today? That the government is prohibited from imposing, seeking forfeiture. With respect to the second order? With respect to this case. Can I go back to your prior answer when you spoke about Santos, Zakaria, and Gonzalez versus Thaler? In the latter case, Gonzalez versus Thaler, the provision said a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. So that put a duty on the applicant, not the court. Santos, Zakaria, the statute said a court may review a final order of removal only if the alien has exhausted all a duty on the alien, not on the court. So do you have any other examples of cases where we have said that something is a mandatory claims processing order provision, I'm sorry, a mandatory claims processing provision where the duty is on the court and not on one of the parties who wants to process the claim? I don't, but Justice Alito, even in those cases, the ultimate responsibility, for example, in Gonzalez, it was the court that had to issue the COA. So it was the court's action. It was based on a litigant's conduct. But it's the same thing in this instance. The court's ability to enter a preliminary order of forfeiture is based on the government requests indicating that they're going to be seeking forfeiture, and they're providing the court with the information. What do you do about the different language in 32.2a, which does say a court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment contains notice? In other words, the specific consequences set forth in the rule there, but it's not in the rule at issue here. I think there's a specific reason why in A it had to specify the consequence, because it's based on the underlying statute. And in the underlying statute, it talks in permissive terms. The word used is the government may file a bill of particulars, and the rules wanted to take it further. So therefore, they wanted to make it mandatory, so they indicated a consequence. When it comes to B1A, that concern doesn't apply. Justice Alito was asking you about what other example you had of a mandatory jurisdictional rule. And as you pointed out, there really aren't. But I'm wondering how I can view this rule as a mandatory jurisdictional view when it has the biggest carve-out I've ever seen. It says the court has to file a preliminary order before sentencing, quote, unless doing so is impractical. So why can't it do it an hour before the sentencing? Justice Sotomayor, impractical does not mean inconvenient. Dictionaries define it as the court has the ability to impose an order. Well, having been a district court judge and having hundreds of sentences on my docket at one point, sometimes it's not really inconvenient. It's almost impossible to keep up with those things, and you do do it a little bit later. But my point is, who decides that? Meaning, you go up on appeal, the court of appeals now has to hold a hearing to see why the district court judge didn't issue the order a month before, two months before, three months before. I guess my point is, generally when we think of mandatory rules, they set a fixed goal, a fixed deadline, something that you can know and meet without discretion being involved. So rule 32.2B imposes that same firm deadline, that's sentencing. The impractical exception is only that... But again, an hour is inconvenient, but how about a day? How about two? How about three? My whole point is that once you build in discretion, how can you call it mandatory in the sense of it being jurisdictional? At that point, if the defendant... None of this happens in a vacuum. The government, had they done the job properly, they would have come to the court saying, we're seeking forfeiture in this case. They would have provided the information. Now, it may be that the district court couldn't get to it because it was impractical, but there would be notice to the defendant that there was going to... Thank you, counsel. So can I just... I'm sorry. So are you asserting that there was something wrong with the preliminary order of forfeiture that the district court issued on April 23rd, 2023 before the resentencing? What was wrong is that the government shouldn't have been entitled. There's nothing... I wouldn't point to any errors in that order. All right. Did you object at the time of that preliminary order? Did you say the government should not be entitled to get a forfeiture because 10 years ago when I was previously sentenced, the district court didn't issue a preliminary order of forfeiture? I don't believe that the defense counsel at that time did, but this was still a case that was in the direct appeal. All right. Final question from me, at least. If you win this case today and you go back on remand, what is the remedy? That the forfeiture order be vacated. Which forfeiture order? Right now, the only one that's pending is the most recent one that was entered in April 2020. And that one doesn't have the defect that you've identified, correct? It has the defect in that it was entered in violation of a mandatory claim processing rule. Okay. Thank you, counsel. Just to follow up on Justice Sotomayor's questions about impractical, it's not only impractical, but the qualification requirement has to be sufficiently in advance. And that's in the typical case, not only has to be impractical, but all you have to do is sufficiently. It seems that there's a lot of wiggle room throughout the rule that seems inconsistent with the general notion of mandatory requirements. Even this court in Eberhardt, when it was dealing with Rule 33, it has the same ability for a judge to extend the deadline. A defense counsel could make a motion saying, probably I can't do it sufficiently in time. And the rule permits a court to extend it. This court held that it was a mandatory claim processing rule. So the notion that there's flexibility doesn't undermine the fact that it's a claim processing rule. The point is, it's a rule that's designed to provide a government is seeking to deprive them of his property. 150 years ago, this court already said in French v. Edwards, where there's a rule that's designed to govern protections for somebody whose property is going to be deprived, and there's a potential for prejudice, that's a mandatory rule. Thank you. Justice Thomas, any further? Justice Jackson, any further? Thank you, counsel. Mr. Guarnieri? Mr. Chief Justice, and may it please the court. The timing requirement in Rule 32.2b2b is mandatory, not discretionary. But characterizing that requirement as mandatory doesn't answer the question presented in this case. The question here is what follows when a district court violates the rule? What are the consequences? Our basic submission in this case is that a violation of Rule 32.2b2b should be treated like any other garden-variety procedural error in the sentencing process. When a court commits a procedural error at sentencing, the normal thing to do is to apply Rule 52, which is the provision in the federal rules that codifies principles of harmless error and plain error. Under Rule 52a, if an error does not affect the defendant's substantial rights, it must be disregarded as harmless. Petitioner tries to avoid the application of harmless error by characterizing this particular requirement as a mandatory claim processing rule. Rule 32.2b2b is not such a rule for all the reasons that this court identified in Dolan with respect to the analogous timing requirement in the Mandatory Victims Restitution Act. Let me just emphasize three of the considerations that the court stressed in Dolan, text, context, and purpose. Textually, the rule here imposes an obligation on the court, not the litigants, and it does not specify any sanction for the court's violation. That text operates in the broader context of a statutory framework that makes clear that criminal forfeiture is a mandatory consequence of conviction and that forfeiture is part of the sentence imposed for the offense. The purpose of requiring the entry of a preliminary order before sentencing is to ensure that the forfeiture that is actually imposed at the a preliminary order of forfeiture before sentencing in violation of Rule 32.2b2b, the court may nonetheless proceed to order forfeiture at the sentencing itself as long as the court's violation was harmless. We think that's what occurred here. The district court orally ordered Petitioner to forfeit the proceeds of his Hobbs Act robberies and a car that he purchased with those proceeds. Despite the absence of a preliminary order before sentencing, that error was harmless. I welcome the court's questions. Counsel for Petitioner said that the government should be held to when it takes a person's property to cross its T's and dot its I's. How do you respond to that? Justice Thomas, we take our obligations to the court seriously in this context, and certainly the government has an important role to play in ensuring that district courts comply with the strictures of Rule 32.2, including Rule 32.2b2b. But that specific provision imposes an obligation on the court, not on the government. And to your broader point, Justice Thomas, I think the principal protection for defendants in criminal forfeiture is that the obligation is on the United States to prove beyond a reasonable doubt that the defendant committed the offenses for which Congress specified criminal forfeiture as a penalty. So Petitioner here and myriad protections in the criminal process. We were required to meet the beyond a reasonable doubt standard. There was a jury trial in this case. We presented nine days' worth of testimony establishing that Petitioner committed these robberies, and forfeiture is a consequence of the defendant's violation of the Hobbs Act. Counsel, you mentioned Rule 52 in your opening. I was a little surprised, though, in reading your brief. It didn't appear until page 42. Can you explain? And I'm not being critical. I'm just wondering, is there a nuance here I'm missing? But, you know, Rule 32 is a rule. It's not a statute's rule. And all the rules are subject to harmless error analysis. And I would have thought that had been, like, the straightest, narrowest shot through this case. But I'm wondering whether I'm missing something. Well, you are not, Justice Gorsuch. We are trying to triangulate from the Court's existing precedent. The Court has indicated in other cases that there are provisions in the Federal Rules of Criminal Procedure that are best characterized as mandatory claim processing rules. And violations of those other rules are not subject to harmless error analysis. And the key case there, I think, is Eberhardt addressing Rule 33, which is the rule specifying the time limits for moving for a new trial after conviction. I think the same analysis would apply to Rule 35, which is the provision that specifies the time limits for correcting a sentence after it has been imposed. Those are mandatory and inflexible deadlines. And a district court just generally cannot ignore those deadlines if a party seeks strict adherence to them. Rule 32.2B2B is not best characterized. The default is that all the rules are subject to harmless error. Yes, I think that's right. And I think that's a useful way to think about the case. And, indeed, that's the framing that I was trying to establish in my opening here. Really, it's Petitioner who's seeking to avoid the application of what the default framework here would be by characterizing this as a mandatory claim process. Just one more question. So if we agree with that, are you asking us to apply the harmless error standard ourselves in this case, or is a remand appropriate for a court to assess that question? Well, I think the Second Circuit already determined that any error here was harmless, as did the district court. Both of those courts considered what we think are the right factors in this context, and that is, did the defendant have notice of the forfeiture, and was he given an opportunity to contest it before the court ordered the forfeiture as part of the sentencing process? And Petitioner had both of those things here. He was on notice that the government was seeking this forfeiture, both through the indictment, the bill of particulars. So you're not asking us to do a harmless error analysis. You're asking us to say that it's already been done. Is that the gist of it? Yes, we are asking this court to affirm the judgment below, in which the Second Circuit itself established that there was no prejudice to the defendant here. Thank you. Counsel, you talked about this being a court obligation, and I agree, but the government has an important role. Here, the government promised to, or was asked to prepare orders, and I think at least twice, failed to do so. A ruling in your favor that this is a time-related directive seems to me as an inducement to encourage the government not to respond to a district court order. I have to say, I read this and I thought to myself, this is a very strange district court. If a government lawyer had ever done that to me as a district court judge, I don't think I would have been very kind. Um, but what inducements are we creating by not calling this a, uh, if not mandatory, a claim processing rule as opposed to a time-related directive? Well, Justice Sotomayor, I don't think characterizing this provision as a time-related directive would encourage violations of the rule, if that is your Honor's concern. There are going to be substantial incentives for the government to encourage the district court to comply with this rule. What are the incentives? Well, the entry of a preliminary order of forfeiture before sentencing can be a basis for seizing property, and so the government, in many cases, is going to have an interest in ensuring that it has legal authority to seize and maintain assets that should be subject to forfeiture or that will be subject to forfeiture at the conclusion of the case. So I think that's one substantial incentive. Another, we often have an incentive to ensure that the court enters a order of forfeiture in compliance with Rule 32.2 because that can provide notice to third parties that some particular specific asset is going to be subject to forfeiture. It helps us to defeat arguments later in the proceeding that some third party comes in and claims that it was a bona fide purchaser of the assets if they were transferred during the course of the criminal case. So, I mean, there are good reasons here that it is Department of Justice policy to encourage district courts to enter preliminary orders of forfeiture before sentencing, as Rule 32.2b2b requires. I have one last question. Do you take a position on the Seventh Circuit's suggestion in U.S. v. Lee that you have to at least announce a forfeiture at sentencing, that you can't just not say anything and then later order one? And they said that might be jurisdictional. We don't have to address that here, but do you see as a ruling here as permitting courts to do that as well? As I understand the Seventh Circuit's decision in Lee, the court suggested that although Rule 32.2b2b, the provision that is at issue in the proceeding before this court, is best characterized as a time-related directive, perhaps the timing requirements with respect to the entry of the final order of forfeiture at the sentencing hearing itself, perhaps those requirements should be treated as mandatory claim processing rules. That was not directly at issue in Lee. We haven't briefed that issue here. I don't think anything that the court says here about 32.2b2b would necessarily dictate an answer with respect to what is Rule 32.2b4b. And so I don't think the court needs to address it. We haven't taken a position. I would say in general, I think that's a harder case for us. And it's a harder case for some of the reasons that the dissenting justices identified in Dolan, and that is in general, the rule here contemplates that the court will announce the forfeiture as part of imposing sentence on the defendant. And if the court purports to act after sentencing, if it fails to address forfeiture at sentencing and it's acting after the sentencing proceeding, then we have a harder set of issues. I mean, that's not just a Rule 32.2 problem. It can also be a problem under the various statutes that specify that forfeiture shall be ordered at sentencing. And as I was alluding to earlier in my colloquy with Justice Gorsuch, there are constraints under, in particular, Rule 35 on a district court's authority to alter or correct a sentence after it's been imposed. So there are a lot of other extrinsic considerations that could come into play with respect to the final order at sentencing. But those things don't support petitioner's position here. This case is limited to just the asserted error of failing to enter a preliminary order of forfeiture before the original sentencing proceeding. Thank you, counsel. So the government focuses right in on the merits, which is totally understandable. But can I get your thoughts on my concerns about the threshold, potential for a threshold procedural defect that actually inhibits our ability to reach the merits in this case? Justice Saxon, I think the way that would work under Article 3, the question would be whether a judgment in petitioner's favor is capable of granting him any kind of effectual relief. Yes. And I think the answer is yes. That's why we have not raised a mootness argument. Tell me how. Well, it is true that there is now a new legally operative forfeiture order in this case as a result of the remand for unrelated reasons. But that order is currently pending appeal in the Second Circuit. If this court adopts petitioner's view that this is a mandatory claim processing rule, his position, as I understand it, is that violation of that rule is, I think he said this morning, is fatal to the government's ability to obtain criminal forfeiture. And so I think the case would go back to the Second Circuit. And the Second Circuit could then entertain his argument that even the now operative new forfeiture order should be vacated because it is the result of a series of proceedings that never should have occurred under his understanding of how it will work. Right. But under his own argument, didn't he forfeit that claim? I mean, he says that if it's a claim processing rule, if you don't raise it, you lose it. And at the time of the second forfeiture order, he didn't raise it. I think we would have reasonable arguments that, in fact, he has forfeited it even if it is a mandatory claim processing rule. But I think those would go to the merits. I don't think that those would deprive this Court of Article III authority to adjudicate the dispute that's before the Court today. Do you think there are some mandatory claim processing rules that are directed to courts or executive agencies rather than to parties? Petitioner has yet to identify an example of such a rule. I mean, there are rules, for example, the provision of the INA that was at issue in Santos-Zachariah, which my friend mentioned this morning, that are phrased in terms of action by the Court, but clearly are designed to impose on the parties an obligation to take some step, such as exhausting administrative remedies. I'm not aware of, and Petitioner has not identified, another example of a rule like this, where the obligation rests squarely on the judicial officer. And that's one of the reasons that this case is similar to Dolan. The other case that I think is directly on point here is Montalvo-Murillo, which is the case involving a provision of the Bail Reform Act that imposed on the magistrate, on the judicial officer, an obligation to hold a pretrial detention hearing within a specified time. And the Court said that even if the judicial officer violates that deadline, it doesn't mean that the defendant walks free. You can have a later pretrial detention hearing because the error was harmless. Is there something significant about that line that we might emphasize here? The statute, after all, says that there shall be forfeiture, right? I mean, that's Congress's directive to us. And often government agencies and perhaps courts miss deadlines. But Dolan kind of recognized what I'll call a better late than never rule in complying with congressional directives. Thoughts? Justice Gershwin, I think that's right. And to return to an exchange we had earlier, I mean, we have approached this case through the lens of Dolan. And Dolan, one of the considerations the Court emphasized in Dolan was that the statutory obligation in that case was placed on the Court, not on the litigants, which is a sign that this might be something other than a mandatory claim processing rule. Another consideration that the Court stressed in that case was that, as the name of that And so to hear criminal forfeiture is mandatory. Those are both important components of our argument. If you think about this, when you arrive at the sentencing proceeding, the district court who has failed to enter a preliminary order of forfeiture faces a kind of dilemma. Because on the one hand, you have a perceived violation of Rule 32.2B2B, assuming the impracticality exception doesn't apply. And on the other hand, you have numerous interlocking statutes that direct the Court, command the Court to order forfeiture when their prerequisites are satisfied. And so I think all of that, that surrounding mandatory framework is another very important piece of the puzzle here. And if the Court accepts that and accepts that those are two of the considerations that support treating this as a mandatory, excuse me, as a time-related directive rather than a mandatory claims processing rule, that would suggest some outer limits. If that was the impetus for the question. Yeah, I'm wondering, you know, how are we going to reconcile? I mean, we now have three buckets, right? Jurisdictional mandatory claims processing and this Dolan thing. And I'm wondering, what are the outer limits of the Dolan thing? And that's what I'm trying to explore with you. And is the government comfortable with a rule that those are matters directed to the Court by statute and have mandatory directives? I think that's right. I think those are the two key considerations here. There are other considerations that I think also support treating this case the same way the Court treated, rather treating this rule the same way the Court treated the statute in Dolan. But those are certainly the two principal ones that we emphasize in our brief. Is it the government's position that this is the kind of situation that if he's, that he's right or wrong about his argument, that if a court blows the deadline, there can never be another forfeiture in the case? Well, I think that's another significant way in which our approach differs from the court's approach. I think that like other procedural errors, if there is a harmful violation of Rule 32.2B2B or a non-harmless violation, the remedy should be that the defendant in that case then gets the forfeiture proceedings that Rule 32.2 is supposed to provide. So if you arrive at sentencing or the case goes up on appeal and there's been a violation of the requirement to enter a preliminary order of forfeiture beforehand, the result should not simply be that the defendant in that case is absolved of what is supposed to be a mandatory part of the sentence for the defendant's offense. The result should be a remand to the district court to get it right. What have we said in other claims processing scenarios? I mean, is that consistent with what normally happens if there is a claims processing rule? I am not aware of an example in which the court has identified something as a mandatory claim processing rule, but nonetheless found that a violation of that ordinarily mandatory claims processing rules are, I mean, it's a category that is adjacent to jurisdictional rules. These are inflexible rules that impose on the parties some obligation that if they fail and the other party objects, the rule can be strictly enforced. And Rule 32.2B2B, like other requirements that attend the sentencing process, it doesn't really make sense to treat the rule that way. And why is that? Well, because it would make Rule 32.2B2B a kind of aberrational part of sentencing. If the district court fails to take the various steps that are identified in Rule 32 with respect to the sentencing process, the ordinary remedy for that is that you redo the sentencing. Indeed, even with respect to errors that this court has identified as structural, meaning they are not amenable to harmless error principles, the remedy for a structural error is that you have a retrial or you have a resentencing. It doesn't mean that the defendant is simply cannot be convicted of the offense or cannot be subject to a penalty that Congress has otherwise specified for that offense. Well, but there are situations in which it does mean that. So just because it doesn't in this particular situation, there are others like the situation in Dolan. You're putting an awful lot of weight on a sharply divided opinion in Dolan. Well, Mr. Chief Justice, I recognize that the dissenting justices in Dolan had some very compelling and persuasive things to say. One point I would make, and we make this point in our brief, this case is one step removed from Dolan in the sense that here the error is with respect to a part of the process that is antecedent to the sentencing itself. And so here the district court failed to enter a preliminary order of sentencing beforehand, but it did orally order the forfeiture of the property and orally order a forfeiture money judgment at the sentencing itself. And that's unlike the situation in Dolan in which the sentencing court in that case left open the precise amount of restitution and then acted well after the 90-day deadline in the mandatory victim's restitution. Well, just because it doesn't have any serious consequences, if you're right, that you just have a, you know, start over again a second time, I mean, there are situations where it would. And I'm wondering if, to what extent we should be concerned about the remedial aspect of it simply because it sort of could be a foul in this case. Well, I mean, if you're thinking about this case in terms of, you know, what is the appropriate remedy for a violation of this rule, I do think we have the better argument on the equities there. I mean, this is a mandatory component of the sentence. It is in that sense akin to a statutory minimum sentence. If the district court commits an error in the process of imposing that mandatory sentence, it would be anomalous to conclude that the result is that the defendant is simply absolved of a consequence that Congress has made mandatory for that particular offense. It would really, I mean, it would, as I said, make Rule 32.2b2b stick out like a thumb in the sentencing process. I think the other thing I would say is that our approach here, which has stressed harmless error, means that, I mean, the delta between that approach and a mandatory claims processing approach, you're talking about the small class of errors in which, excuse me, the set of cases in which the error is harmless. And we think if the error is harmless, I mean, by definition that means that any procedural error did not affect the defendant's substantial rights. There is no good reason, if the error is harmless, for the court to lack the authority to just proceed at the sentencing proceeding itself to order the forfeiture of the property that Congress has made subject to forfeiture. Thank you, counsel. Anything further? Anything further? Thank you. Rebuttal, Mr. Urewicz? I'd just like to go back to Justice Gorsuch's question about harmless error. The reason why there's no harmless error analysis is because this Court has never really applied harmless error in the context of either mandatory claim processing rule or time-related directives. Indeed, in Dolan, Chief Justice Roberts pointed out that it's a rule with no consequence because the majority said even in unlikely instances where the delay does cause the defendant prejudice, the defendant remains free to ask the court to take that into account. There's no obligation on the court to take that account, so this Court has never really applied harmless error analysis in this context. And I think the reason why these mandatory claim processing rules are treated different and why Rule 32.2b should be within that bucket is because it's not simply the defendant that's before the court whose rights are being affected. There are third-party claimants' rights who are being affected who, at the time when the court is conducting any analysis, they're not even there before the court, and their rights are just being put to the side because they're not before the court. Dolan's finding of a time-related directive was a very small slice. It's a generally involves administrative action where obviously the court is reluctant and recognizes that administrative agencies are saddled with a lot of obligations and they may not be able to keep their obligations in a timely manner. There are only really two exceptions, and that's in the bail context where there's a public safety issue and there's a pending case that's ongoing, unlike Rule 32.2b, which is sentencing the final, there's a finality element to sentencing, and there is Dolan itself, which involved victims. Victims are not the beneficiaries of Rule 32.2b. So I think that's why harmless errors should not apply, because there is this category of mandatory and claim processing rule. My friend characterized it in terms that both, that there's no rule in terms of where a mandatory claim processing is imposed on the court. He said, but, you know, I think the two cases that Santos Zuccaria and Gonzalez v. Thaler, he said those were an obligation on the party. It's the same thing here. A district court coming in to impose forfeiture could do nothing without the government providing them the ammunition, and the first thing is the government coming in and saying post-verdict, pre-sentencing, we are going to seek forfeiture in this matter. The government certainly has the right, even though they filed a bill of particulars, even though they put it in the indictment, they don't have to continue on that forfeiture. They have the discretion they may have felt in the facts of this case. If a defendant is getting sentenced to 60 years, he's going to be the It's certainly not an obligation on the defendant to say, hey, are you letting me off the hook? It was the government's obligation to come in. There was not a word from the government in this case. Post-verdict, in the sentencing memorandum, when they got up to argue at sentencing, there was not a word about sentencing. So in that terms, it's the burden, and yes, it's an obligation on the court, but the court needs the government to come forward with that. So in that sense, it's the same situation as Gonzalez versus Saylor, where there's an obligation on the court to indicate in the COA what the constitutional basis is. And if anything, in that case, it was more of an obligation on the court because the court had an independent basis to decide that there was a constitutional basis. The other point about the fact that the forfeiture is mandatory and the statute makes it mandatory, but it also, in the same breath, says it's going to be subject to the federal rules of criminal procedure, which is Rule 32.2. As a matter of fact, even though forfeiture is mandatory, if the government fails to allege it in the government doesn't dispute that they cannot receive forfeiture. So the rules can impose more obligations on the government, on the court, than specified in the statute, and it doesn't undermine the mandatory nature of the obligation. Thank you, counsel. The case is submitted.